IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TOP FASHION OPTICAL & SUNGLASSES CO., LTD., a foreign corporation; and WARD CHEN, an individual,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No.<br>SA14-CV-01891 JVS(AJWx)<br><br>**PROTECTIVE ORDER RE: CONFIDENTIALITY** |

The Court, having read and considered the Stipulation for Entry of a Protective Order filed by the parties, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. "Confidential Information" is information which has not been made public, including but not limited to trade secrets or other confidential research, development, or commercial information, material required to be kept confidential by state or federal law, confidential business, technical or financial information; and includes information contained or disclosed in any materials, including but not limited to documents, portions of documents, answers to Interrogatories, responses to Requests for Admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, and the data, summaries and compilations derived from any such materials. A party to this action who produces or provides documents, things, testimony, or other information, which he, she, or it reasonably believes to comprise or contain Confidential Information, and which he, she, or it desires to be subject to this Protective Order, shall designate such information or materials as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." Information designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" is extremely sensitive Confidential Information the disclosure of which to another party or non-party would likely harm the competitive position of the party producing the information. Examples of information that could be considered HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY include sales volumes, sales units, cost of goods sold, price structures, discounts, business costs, profits, margins, technical documents, marketing strategies, competitive business plans, and the identity of customers.

2. The designation of documents, things, testimony, or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be made as follows:

1       (a)   Documents and things comprising or containing Confidential Information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." If a confidential document consists of multiple pages, each page of the document shall be so stamped or marked.

      (b)   A deposition transcript comprising or containing Confidential Information shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice to all counsel of record after service of the final deposition transcript. If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall instruct the court reporter to stamp or mark on the cover and each page of the transcript containing the Confidential Information with the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition, such written notice shall be provided to all counsel of record within fourteen (14) days after completion and service of the final transcript. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as provided for in the written notice. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Paragraph 6 below, as applicable, for a period of fourteen (14) days after completion and service of the final transcript, except that portions of

1   the transcript may be filed under seal with the Court in connection with these
2   proceedings. Documents or things used as exhibits at a deposition that a party
3   desires to be subject to this Protective Order shall be separately stamped or
4   marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS'
5   EYES ONLY." The disclosing party will have the right to exclude from
6   attendance at a deposition, during such time as the Confidential Information is
7   to be disclosed, any person other than the deponent, counsel, the court reporter,
8   and the person(s) agreed upon pursuant to Paragraphs 5 and 6 below, as
9   applicable;

10           (c)   Any party may designate documents or things produced by a third
11  party pursuant to a subpoena as "CONFIDENTIAL" or "HIGHLY
12  CONFIDENTIAL–ATTORNEYS' EYES ONLY" by providing written notice
13  to all counsel of record within ten (10) days of receipt of the documents or
14  things produced by the third party. The parties shall not disseminate the
15  documents or things produced by the third party or the contents thereof beyond
16  the persons designated in Paragraph 6 below, as applicable, for a period of ten
17  (10) days after receipt, except that the documents and things may be filed under
18  seal with the Court in connection with these proceedings. Such written notice
19  shall specifically identify each document or thing produced by the third party
20  that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–
21  ATTORNEYS' EYES ONLY" in accordance with this Protective Order. All
22  counsel receiving such notice shall be responsible for marking the documents or
23  things in their possession or control as provided for in the written notice.

24           (d)   Notwithstanding any other provision of this Order, if any
25  producing party believes that any document or other information not designated
26  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES
27  ONLY" through inadvertence should be so designated, that party shall notify the
28  other parties and request that the information be designated as

-3-
**PROTECTIVE ORDER RE: CONFIDENTIALITY**

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." A party requesting that documents be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this paragraph shall also provide each other party with copies of such documents that have been stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in the manner indicated above. Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this paragraph shall be treated in accordance with such designation from the date of receipt of the request that they be so treated. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

3. By designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order, the party making such designation certifies that there is a good faith basis in both fact and law for the designation.

4. In the absence of designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Protective Order, such documents, things, testimony, or other information shall be deemed to be non-confidential and not restricted by this Protective Order.

5. Information and materials designated as "CONFIDENTIAL" shall be used solely in connection with the prosecution, defense, or settlement of this action. Such information and materials (including any copies, summaries, excerpts, and abstracts derived therefrom) shall not be disclosed to any person, directly or indirectly, except the following:

(a) The Court before which this action is pending and the clerks and

other personnel of the Court;

(b) The "outside" attorneys of record for the parties in this matter;

(c) The office personnel employed by the "outside" attorneys of record working under direct supervision of said "outside" attorneys;

(d) "In-house" attorneys who are serving as a litigation manager or otherwise have decision-making authority regarding this Action;

(e) Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

(f) Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcribing, translating, and preparing exhibits;

(g) Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; and

(h) Such other persons as the parties may agree to in writing and who expressly agree to be bound by the terms of this Protective Order, or who may be designated by the Court.

6. Information and materials designated as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be used solely in connection with the prosecution, defense, or settlement of this action. Such information and materials (including any copies, summaries, excerpts, and abstracts derived therefrom) shall not be disclosed to any person, directly or indirectly, except the following:

(a) The Court before which this action is pending and the clerks and other personnel of the Court;

(b) The "outside" attorneys of record for the parties in this matter;

(c) The office personnel employed by the "outside" attorneys of

1  record, working under direct supervision of said "outside" attorneys;

2       (d)   Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

     (e)   Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcribing, translating, and preparing exhibits;

     (f)   Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; and

     (g)   Such other persons as the parties may agree to in writing and who expressly agree to be bound by the terms of this Protective Order, or who may be designated by the Court.

     7.   With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document (including those individuals carbon copied and/or blind copied), may be shown the same.

     8.   Prior to receiving any documents, things, testimony, or other information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," each "qualified person" specified above in Paragraphs 5(e) and (h) and 6(d) and (g) shall be provided with a copy of this Protective Order and shall execute the Agreement in the form of Attachment A.  Counsel shall retain in his/her file the original of each such signed Agreement to be Bound by Protective Order.

     9.   This Protective Order shall not expand or restrict the rights of any party to either demand the production of any documents, things, or information, or to object to any demand for documents, things, or information, or to withhold

1   any documents, things, or information.  Nor shall this Protective Order expand
2   or restrict the rights of any party to seek to have the Court compel the
3   production of any documents, things, or information.

4   　　　　10.　　This Protective Order shall not restrict the rights of any party to use
5   or disseminate any documents, things, or information obtained independently of
6   discovery in this action, whether or not such documents, things, or information
7   are also obtained through discovery.  Nothing in this Protective Order shall
8   restrict a party from using, disclosing, or disseminating its own documents,
9   things, or information as it deems appropriate, whether or not such documents,
10  things, or information have been designated "CONFIDENTIAL" or "HIGHLY
11  CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this
12  Protective Order.

13  　　　　11.　　If any documents, things, or information designated as
14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES
15  ONLY" are included with any papers filed with the Court, the proposed filing
16  shall be accompanied by an application to file the papers, or the portion thereof
17  containing the protected information, under seal, pursuant to this Court and
18  Judge Selna's rules.

19  　　　　12.　　In the event that any documents, things, or information designated
20  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES
21  ONLY" are used in any Court proceeding in this action, the parties shall take all
22  reasonable steps to maintain their confidentiality.

23  　　　　13.　　Maintenance of the protected status of any "CONFIDENTIAL" or
24  "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents,
25  things, or information shall in all cases be subject to further order of the Court.
26  Nothing herein shall preclude any party upon proper notice to all other parties
27  from applying to the Court for any modification of this Protective Order, or
28  moving the Court for an order changing the status of any particular designated

-7-
**PROTECTIVE ORDER RE: CONFIDENTIALITY**

information or document, or relieving a party from the restrictions contained in this Protective Order, or from applying to the Court for further or additional protective orders. Any motion filed with respect to this Protective Order or documents, things, or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" must comply with the Local Rules. Matters designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall remain so designated under the terms of this Protective Order until and unless determined otherwise by the Court.

14. At any stage of the proceedings any party may object to a designation of the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." However, no party shall be obligated to challenge the propriety of the designation of any documents, things, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," and the failure to do so shall not constitute acquiescence as to the appropriateness of the designation or otherwise preclude a subsequent challenge to the designation.

15. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. The inadvertent production of any confidential document lacking the physical designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be without prejudice to any subsequent claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production.

17. The inadvertent production of any privileged document or any document protected from disclosure by the work product doctrine shall be without prejudice to any subsequent claim that such document is privileged or protected from disclosure by the work product doctrine. If a party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, that party shall promptly so advise the receiving party in writing of each particular document it believes is privileged or otherwise immune from discovery, state and substantiate the basis for the alleged privilege or immunity and the reasonable and diligent efforts made to prevent disclosure, and request that the item or items of information be returned. If these conditions are met, the receiving party shall return to the producing party or destroy such inadvertently produced materials and all copies thereof within ten (10) calendar days of receipt of the written request. The receiving party may retain a list of the privileged documents, including the date, author, recipient and general subject matter without retaining any privileged information. Return or destruction of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery, nor shall it foreclose any party from moving the Court for an order that such materials have been improperly designated or should be produced in accordance with the Federal Rules of Civil Procedure, but only for reasons other than that the inadvertent production caused a waiver. The failure to designate any document in accordance with the terms of this Protective Order shall not, by

itself, be deemed an automatic waiver of the privilege or the work product doctrine.

18.  At the final conclusion of this action, including any appeal or time for appeal, any party may serve a written notice on the other parties demanding that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents and things that were produced or designated by that party and that are still in existence, including all copies, summaries, excerpts, and abstracts thereof, be returned or destroyed.  Within thirty (30) days of receipt of such a demand, counsel shall certify in writing that such documents and things have been returned or destroyed.  Notwithstanding the foregoing, counsel may retain archival copies of documents consisting of or containing Confidential Information, including trial, hearing, and deposition transcripts and exhibits, and pleadings and other documents submitted to the Court.  Counsel may also retain documents or things that are their own work product or that are subject to the attorney-client privilege.

19.  The parties will not be required to list privileged and attorney work product information involving litigation counsel for either side that is dated after December 1, 2014, the date this lawsuit was initiated, in any privilege log required under Fed. R. Civ. P. 26(b)(5) or any applicable local rule.

20.  Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

21.  Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22.  Transmission by electronic mail is acceptable for all notification purposes within this Order.

23. This Protective Order is entered solely for the purpose of facilitating the exchange of documents, things, and information between the parties in this action. Nothing in this Protective Order nor the production of any documents, things, or information under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of a waiver of any kind by any party, including but not limited to the right of any party to oppose or object to production of any information, documents, or things.

24. The parties and their attorneys and any other persons subject to the terms of this Protective Order agree that the Court shall have jurisdiction over them for the purpose of enforcing this Protective Order.

**IT IS SO ORDERED:**

Dated: 3/18/2016

Honorable Andrew J. Wistrich
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOP FASHION OPTICAL & SUNGLASSES CO., LTD., a foreign corporation; and WARD CHEN, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No.<br>14-CV-01891 JVS(ANx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____ , declare and say that:

    1.    I am employed as _____ by _____ .

    2.    I have read the Protective Order entered in *Oakley, Inc. v. Top Fashion Optical & Sunglasses Co., Ltd.*, Case No. 14-CV-01891 JVS(ANx), and have received a copy of the Protective Order.

3. I promise that I will use all Confidential Information (as defined in the Protective Order) only to assist counsel in the litigation of this matter consistent with the terms of the Protective Order.

4. I promise that I will not disclose or discuss such Confidential Information with anyone other than the persons described in paragraphs 5 and 6 of the Protective Order as authorized by paragraphs 5 and 6 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am within the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Protective Order.

6. I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     By: _____

20833237